J-S34032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVON JONES, | : | |
| | : | |
| Appellant | : | 1759 WDA 2017 |

Appeal from the PCRA Order November 3, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000530-2015

BEFORE:    BOWES, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 24, 2018**

Davon Jones (Appellant) appeals from the order entered November 3, 2017, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We provide the following background.  Appellant's convictions stem from an incident that occurred in the early morning hours of December 25, 2014, near Juliet's Gentleman's Club, which is located in the 2000 block of West 8th Street in Erie.  Surveillance video from Juliet's showed Appellant, along with several others, entering Juliet's around 12:44 a.m. that morning. The victim, DeAngelo Troop, entered about 45 minutes later.  Both men left when Juliet's closed at 2:00 a.m.  Troop and a female got into a vehicle, a Kia Sportage, with Troop driving, and sped away.  Appellant and either one or two other individuals got into their vehicle, with Appellant driving, and pulled out directly

_____
*Retired Senior Judge assigned to the Superior Court.

behind Troop.  Subsequently, Troop was shot five times[1] from that car, and Troop proceeded to drive himself to Hamot Hospital.

Police received a call at around 2:15 a.m. that shots were fired around the 1800 block of West 8th Street.  When police arrived, they found the area devoid of activity and proceeded to conduct a canvas of the area on foot.  They found some houses with bullet fragments in them and broken glass in the middle of the street.

After several attempts to interview Troop while he was hospitalized, detectives were finally able to interview him on December 30, 2014.  During that interview,[2] Troop identified Appellant as the shooter.[3]  Appellant was interviewed by Detective Paul Bizzarro on December 30, 2014.  Appellant denied his involvement in shooting Troop.[4]

---

[1] Specifically, Troop was shot in his head and neck, which included one bullet that lodged in his jaw.

[2] That interview was recorded and played for the jury during trial.

[3] Subsequently, at the preliminary hearing, Troop wavered on this identification, and testified that he "didn't see the shooter." N.T., 2/17/2015, at 7.  He also testified that he did not see who was in the vehicle from where the shots came. *Id*. at 24.  Furthermore, at a hearing on a petition for writ of *habeas corpus*, Troop maintained that Appellant did not shoot him.  At trial, Troop testified that his statement to police was incorrect, and that Appellant was not the shooter. *See* N.T., 7/22/2015, at 31-32.

[4] That interview was recorded and played for the jury during trial. *See* N.T., 7/23/2015, at 26-30.  During that interview, Appellant stated that he went to Juliet's that night with his cousin and had a few drinks. Appellant acknowledged knowing Troop, but claims he did not see him that night.  When

- 2 -

Based on the foregoing, Appellant was charged with numerous offenses, including attempted murder, conspiracy to commit murder, and aggravated assault. A jury trial was held from July 22 to July 24, 2015. The jury deadlocked on the count for attempted murder, acquitted Appellant of conspiracy to commit murder, and convicted Appellant of aggravated assault and recklessly endangering another person (REAP). The Commonwealth then filed notice of its intent to seek a mandatory-minimum sentence on the aggravated assault charge pursuant to 42 Pa.C.S. § 9714(a)(1) (providing that an individual who is convicted of a crime of violence who has been convicted previously of a crime of violence shall be sentenced to mandatory minimum sentence of 10 years of incarceration).

On September 2, 2015, Appellant was sentenced to a term of 10 to 20 years of incarceration. Appellant timely filed a post-sentence motion, which was denied. Appellant timely filed a notice of appeal to this Court. On August 30, 2016, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Jones**, 156 A.3d 353 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On June 22, 2017, Appellant, through counsel, filed timely a PCRA petition asserting several instances of ineffective assistance of trial counsel.

---

told that Troop identified Appellant as the shooter, Appellant asked police that both he and Troop take lie detector tests. Police denied that request.

The Commonwealth filed a response, and on August 26, 2017, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, and on November 3, 2017, the PCRA court entered an order and opinion dismissing Appellant's petition. Appellant timely filed an appeal to this Court, and the PCRA court directed this Court to its November 3, 2017 order in lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant sets forth several issues for our review, which we consider mindful of the following. "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

With respect to claims involving ineffective assistance of counsel, we observe that counsel is presumed to be effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009)

(citations omitted). "[A petitioner] establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008).

We consider first Appellant's contention that trial counsel was ineffective for "not objecting to or making an argument against a charge on accomplice liability." Appellant's Brief at 13. According to Appellant, the Commonwealth maintained during the entire trial that Appellant was responsible for shooting Troop, and therefore permitting the trial court to instruct the jury on an accomplice liability theory was prejudicial. *Id*. Furthermore, Appellant suggests that to the extent that the accomplice liability charge was appropriate, counsel was ineffective for failing to request a "mere presence" charge. *Id*.

At trial, the Commonwealth asked for an accomplice liability charge, arguing that even if Appellant himself did not shoot Troop, the evidence established that Appellant was driving the vehicle from where the shots came, which was sufficient to establish accomplice liability. *See* N.T., 7/23/2015, at 38. The trial court agreed with this assessment and instructed the jury accordingly:

> Now, the Commonwealth alleges that if the defendant did not himself commit these crimes, he was an accomplice in their commission. You may find the defendant guilty of a crime without finding that he personally engaged in the conduct required for the commission of that crime.
>
> A defendant is guilty of a crime if he is an accomplice of another person who actually commits the crime. **A defendant does not become an accomplice merely by being present at the scene of a crime or even by knowing about the crime**. He is an accomplice if, with the intent of facilitating the crime, he aids another person in committing it.

N.T., 7/23/2015, at 90 (emphasis added).

Based on the foregoing, any argument that counsel was ineffective for failing to request a "mere presence" charge is without merit because the trial court did provide such a charge. *See id*. Moreover, we discern no error in the trial court's providing the accomplice liability charge. The Commonwealth's theory of the case, which was supported by the evidence presented at trial, was that Appellant either shot Troop or was driving the car from which the shots came. Thus, we conclude there is no arguable merit to Appellant's contention that trial counsel was ineffective in failing to object to this jury instruction.

Appellant next argues that trial counsel was ineffective for failing to object to the Commonwealth's references in its closing statement to Appellant's request to take a lie detector test, as well as referring to Appellant as a liar. Appellant's Brief at 16. In considering this issue, we point out the following.

- 6 -

The Commonwealth is entitled to comment during closing arguments on matters that might otherwise be objectionable or even outright misconduct, where such comments constitute fair response to matters raised by the defense, or where they are merely responsive to actual evidence admitted during a trial. Furthermore, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

*Commonwealth v. Culver*, 51 A.3d 866, 876 (Pa. Super. 2012) (citations omitted).

Instantly, Appellant directs us to the Commonwealth's closing argument, where the district attorney quotes Appellant as saying during his interview with police, "Yeah, give me a lie detector test because maybe [Troop] knows. If I'm asked did I shoot [Troop]? No. And that's not a lie." N.T., 7/23/2015, at 78. According to Appellant, trial counsel should have objected to this reference to a lie detector test.

It is well settled that "the results of lie detector tests are inadmissible at trial due to their unreliable nature. Therefore, any reference to a lie detector test which raises an inference concerning the guilt or innocence of a defendant is inadmissible. The mere mention of a lie detector test, however, does not constitute reversible error." *Commonwealth v. Stanley*, 629 A.2d 940, 942 (Pa. Super. 1993) (internal citation omitted). Our review of the record shows that Appellant's counsel stated the following in her closing argument in reference to Appellant's interview with police: "What does [Appellant] finally

say? He didn't shoot him. Why can't we all just take lie detector tests?" N.T., 7/23/2015, at 57.

Based on the foregoing, because Appellant's trial counsel utilized Appellant's request to take a lie detector test to bolster his credibility and mentioned it first in her closing argument, it was clearly "fair response" for the district attorney to mention the same in his closing argument. **Culver**, 51 A.3d at 876. Furthermore, the Commonwealth's reference did not "raise[] an inference concerning the guilt or innocence of" Appellant. **Stanley**, 629 A.2d at 942. Thus, any objection made by counsel would have been overruled by the trial court, and therefore this issue is devoid of arguable merit.

Appellant also complains his trial counsel should have objected to the district attorney's repeatedly referring to Appellant as a liar. Appellant's Brief at 16. For example, the district attorney stated the following, in referring to Appellant's interview with Detective Bizzarro, during his closing argument: "Ladies and gentlemen of the jury, that's a lie. That's a bold-faced lie. How do we know that's a lie? Because on the video in black and white is just the opposite." N.T., 7/23/2015, at 76. Appellant argues that it was prejudicial error for Appellant's trial counsel not to object to this characterization of Appellant.

In this case, the Commonwealth presented surveillance video showing Appellant in Juliet's talking to Troop, Appellant getting into his car, Troop getting into his car, and both driving away. The evidence also showed that

Troop initially named Appellant as the shooter, then subsequently changed his mind. Appellant denied involvement in the incident, despite being seen in the video with Troop in Juliet's that night. Thus, these comments made by the district attorney were "based on the evidence or proper inferences therefrom." ***Culver***, 51 A.3d at 876; ***see also Commonwealth v. Busanet***, 54 A.3d 35, 64 (Pa. 2012) (stating "reversible error arises from a prosecutor's comments only where their unavoidable effect is to prejudice the jurors, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict").

Furthermore, Appellant's entire interview with Detective Bizzarro, which was played for the jury, focused on whether Appellant was lying to police when he claimed he was not involved with this incident. The district attorney's summation merely continued that train of thought to its logical conclusion by suggesting to the jury that Appellant was lying during this interview. Accordingly, we conclude that any objection made by counsel would have been overruled; thus, this argument lacks arguable merit and Appellant is not entitled to relief.

Appellant also contends that trial counsel was ineffective for failing to object to the imposition of a 10-year mandatory minimum sentence. Appellant's Brief at 10-12. According to Appellant, "the Pennsylvania Supreme Court in ***Commonwealth v. Hopkins***, 117 A.3d 247 ([Pa.] 2015), struck

down mandatory sentences in a case such as this," thus; counsel should have objected. Appellant's Brief at 10.

In **Hopkins**, this Court held that 18 Pa.C.S. § 6317 (providing for enhanced penalties for certain crimes committed near schools), was unconstitutional. Instantly, Appellant was given a 10-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714 for having been convicted of a prior crime of violence. Thus, **Hopkins** is not relevant to this case. Moreover, this Court has held that sentences such as Appellant's are legal. **See Commonwealth v. Furness**, 153 A.3d 397, 406 (Pa. Super. 2016) (holding that 10-year mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714 for having been convicted of a prior crime of violence was not unconstitutional). Thus, counsel was not ineffective for failing to object to this sentence.

Finally, Appellant contends he was entitled to an evidentiary hearing on these issues. Appellant's Brief at 6-9. However, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing."

*Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).  Based on the foregoing, having concluded that Appellant has not presented any issue that required the PCRA court to make a factual determination, we agree with the PCRA court that Appellant was not entitled to a hearing.  Accordingly, he is not entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary



Date:  7/24/2018