COMMONWEALTH OF PENNSYLVANIA, Appellee,

v.

Jean TOUT–PUISSANT, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.

Filed April 25, 2003.

Jeffrey G. Velander, Stroudsburg, for appellant.

Mark P. Pazuhanich, Asst. Dist. Atty., Stroudsburg, for Commonwealth, appellee.

Before: HUDOCK, TODD and OLSZEWSKI, JJ.

HUDOCK, J.

¶ 1 In this appeal, we must determine whether Appellant is entitled to credit for time served for his period of pre-trial incarceration against his one-year intermediate punishment sentence. For the reasons that follow, we vacate Appellant's sentence and remand with instructions.

¶ 2 On November 15, 2001, Appellant was arrested by the Stroud Area Police Department and charged with numerous offenses, including simple assault and tampering with public records.[1] Following a preliminary arraignment on November 15, 2001, bail was set at $5,000.00. Unable to post this sum, Appellant was committed to the Monroe County Correctional Facility (county prison). Seven days later, Appellant was able to post bail, and he was released from custody.

¶ 3 On November 27, 2001, Appellant waived a preliminary hearing on the charge of tampering with public records based upon the allegation that, at the time of his arrest, he falsely signed fingerprint cards in the name "Sylvestre St. Fleur," and that charge was bound over for trial. On April 30, 2002, Appellant entered a plea of guilty to the charge of tampering with public records, a misdemeanor of the second degree.

¶ 4 On June 28, 2002, following preparation of a pre-sentence investigation report by the Monroe County Office of Adult Probation, the trial court sentenced Appellant to a term of one-year of intermediate punishment. The court further directed that Appellant's term of intermediate punishment would include a two-week period of participation in the Outmate Restrictive Intermediate Punishment Program (Outmate Program), commencing July 13, 2002. The balance of the one-year term was to be served "under and subject to the rules and regulations of the Monroe County Probation Office including participation in the Monroe County Cost Collections Program until all outstanding fines, costs, and restitution are satisfied in full." Order, 6/25/02. The Outmate Program required two weeks of nighttime commitment at the county prison, as well as daytime supervision of the program participants by the Monroe County Sheriff's Department as they performed various forms of community service.

---

1. 18 Pa.C.S.A. §§ 2701 and 4911.

¶ 5 On July 11, 2002, Appellant filed a notice of appeal to this Court along with a petition for bail pursuant to Pa.R.Crim.P. 521(B). Appellant began participating in the program at the county prison on July 13, 2002. Having previously posted a cash bond, Appellant was released on bail following a hearing held on July 18, 2002. Appellant complied with the trial court's request, pursuant to Pa.R.A.P.1925(b), for a concise statement of matters complained of on appeal and claimed therein that the trial court erred in directing that he undergo incarceration for a period of two weeks without receiving credit for his seven-day period of pre-trial confinement. In response to Appellant's Rule 1925(b) statement, the trial court, in lieu of a Rule 1925(a) opinion, filed a statement in which it provides that "the rationale which forms the basis for the sentence imposed in this case appears in the presentence investigation report ... and in our on-record discussion at the time sentence was imposed." Rule 1925(a) Statement, 8/9/02, at 1.

¶ 6 Appellant now raises the following issue on appeal:

I. DID THE HONORABLE SENTENCING COURT ERR IN FAILING TO CREDIT [APPELLANT] WITH SEVEN DAYS SERVED AT THE [COUNTY PRISON] BETWEEN HIS ARREST AND THE DATE OF POSTING BAIL TOWARD THE FOURTEEN–DAY PERIOD TO BE SERVED IN CONFINEMENT AT THE [COUNTY PRISON] IN THE OUTMATE PROGRAM?

Appellant's Brief at 4.

¶ 7 At sentencing, Appellant's counsel informed the court that Appellant had already served seven days in pre-trial confinement and, therefore, should be given a sentence of time served and paroled. The court instead chose to impose the term of intermediate punishment at issue, as recommended by both the Commonwealth and the pre-sentence investigation report. Appellant's counsel did not, at the time, request credit for time served. Nevertheless, we note that a challenge to the sentencing court's failure to award credit for time served prior to sentencing involves the legality of the sentence. *Commonwealth v. Miller*, 440 Pa.Super. 380, 655 A.2d 1000, 1001 n. 1 (1995). Moreover, inquiry into the legality of a sentence is non-waivable. *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa.Super.2002). Thus, we will consider Appellant's claim.

¶ 8 The imposition of a term of intermediate punishment is governed by statute:

**§ 9763. Sentence of intermediate punishment**

(a) **General rule.**—In imposing a sentence of intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in an intermediate punishment program established under Chapter 98 (relating to county intermediate punishment) or a combination of intermediate punishment programs. The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced. The court may order a defendant to serve a portion of the sentence under section 9755 (relating to sentence of partial confinement) or 9756 (relating to sentence of total confinement) and to serve a portion in an intermediate punishment program or a combination of intermediate punishment programs.

42 Pa.C.S.A. § 9763(a). As noted above, Appellant's one-year term of intermediate punishment was to include two-weeks in the Outmate Program.

¶ 9 Credit for time served is governed by section 9760, which reads, in pertinent part, as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all *time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial,* during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added).

■ ¶ 10 Clearly, the time Appellant spent in prison prior to posting bond was "time spent in custody" as stated in section 9760(1). Thus, the question becomes whether the sentencing court, by including Appellant's two-week participation in the Outmate Program as part of his one-year term of intermediate punishment, imposed a "prison sentence" for which Appellant is entitled to credit for the seven days he served in pre-trial confinement.[2] We conclude that it did.

■ ¶ 11 Appellant includes in his reproduced record a copy of the following document, which explains the requirements of the Outmate Program:[3]

### OUTMATE RESTRICTIVE INTERMEDIATE PUNISHMENT PROGRAM

1. YOU HAVE BEEN COURT ORDERED TO PARTICIPATE IN A PROGRAM THAT WILL REQUIRE 2 WEEKS [OF] INCARCERATION AND A PERIOD OF TIME UNDER THE DIRECT SUPERVISION OF THE MONROE COUNTY SHERIFF'S DEPARTMENT.

2. YOU WILL REPORT TO THE MONROE COUNTY CORRECTIONAL FACILITY ON THE DATE AND TIME DESIGNATED BY THE COURT OR THE MONROE COUNTY PROBATION DEPARTMENT.

3. THIS PROGRAM IS IN LIEU OF A LONG TERM JAIL SENTENCE. SHOULD A PARTICIPANT VIOLATE ANY PROVISIONS OF THE COURT ORDER OR NOT SUCCESSFULLY COMPLETE THE PROGRAM, HE/SHE MAY BE DENIED RELEASE AND PETITIONED BACK TO COURT FOR RESENTENCING.

4. EACH PARTICIPANT FOR THIS CYCLE WILL REPORT ON **SATURDAY** July 13 at **9:00 A.M.** YOU WILL AUTOMATICALLY BE RELEASED ON **SATURDAY** July

---

2. While we note that the statute also provides that credit should be given for all time spent in custody "as a result of the conduct on which such a charge is based," this sentence applies to situations when a criminal defendant is in jail on one or more unrelated charges and/or detainers. *See generally, Commonwealth v. Merigris*, 452 Pa.Super. 78, 681 A.2d 194 (1996), and cases cited therein.

3. This document does not appear in the certified record and, therefore, would not normally be considered on appeal. *See generally, Commonwealth v. Osellanie*, 408 Pa.Super. 472, 597 A.2d 130 (1991). The Commonwealth does not, however, dispute the terms of the Outmate Program.

27 at **9:00 A.M.** UNLESS A DETAINER IS FILED BY THE MONROE COUNTY PROBATION DEPARTMENT FOR FAILURE TO ADHERE TO ALL RULES DESIGNATED BY THE COURT, MONROE COUNTY SHERIFF'S DEPARTMENT AND THE MONROE COUNTY CORRECTIONAL FACILITY.

5. YOU WILL BE REQUIRED TO PARTICIPATE IN COMMUNITY SERVICE PROJECTS WHILE UNDER THE DIRECT SUPERVISION OF THE MONROE COUNTY SHERIFF'S DEPARTMENT. THESE PROJECTS MAY INCLUDE BUT ARE NOT LIMITED TO: HIGHWAY TRASH CLEAN–UP, SNOW REMOVAL, MAINTENANCE OF LOCAL CEMETERIES, OR ANY OTHER COMMUNITY SERVICE PROJECT FOR GOVERNMENT AGENCIES OR NON PROFIT ORGANIZATIONS.

6. DO NOT REPORT UNDER THE INFLUENCE OF ALCOHOL OR ILLEGAL DRUGS. URINALYSIS TESTING WILL BE CONDUCTED AND A POSITIVE RESULT COULD RESULT IN REVOCATION OF THE PROGRAM AND RESENTENCING.

7. WHEN REPORTING, BRING NOTHING EXCEPT THE CLOTHING YOU WEAR TO THE JAIL AND A SMALL AMOUNT OF MONEY FOR THE COMMISSARY.

8. IF YOU FEEL PARTICIPATION IN THE PROGRAM WOULD JEOPARDIZE YOUR HEALTH, NOTHING LESS THAN A [DOCTOR'S] EXPLANATION AND DETAILED EXCUSE WILL BE ACCEPTABLE. SHOULD PHYSICAL OR MEDICAL CONDITION RESTRICT PARTICIPATION, THE CASE WILL BE RESCHEDULED FOR RESENTENCING. THERE IS MEDICAL STAFF AT THE PRISON, SHOULD A SERIOUS PROBLEM ARISE, CONTACT MEDICAL STAFF IMMEDIATELY.

9. ANY QUESTIONS SHOULD BE DIRECTED TO THE MONROE COUNTY PROBATION DEPARTMENT[.] REMEMBER, ONCE COURT ORDERED, REPORTING AND COMPLYING WITH THE SENTENCE IS NOT AN OPTION. WE WILL NOT DISCUSS LOGISTICAL PROBLEMS, YOU MUST WORK THAT OUT YOURSELF.

¶ 12 The above terms of the Outmate Program clearly constitutes "custody" for which Appellant would receive a credit had he served in such a program prior to the imposition of a prison sentence. *See generally, Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490 (2001) (plurality); *Commonwealth v. Vanskiver,* 2003 PA Super 78, 819 A.2d 69 (2003) (*en banc* ). Because, under *Chiappini* and *Vanskiver,* credit for time served would be permitted for participation in the Outmate Program prior to serving a sentence of total confinement, we can discern no reason why the same rationale should not apply to the reverse situation—credit for time spent in total confinement against a sentence of intermediate punishment that includes participation in an intermediate punishment program requiring incarceration.

¶ 13 The Commonwealth essentially argues that participation in the Outmate Program does not constitute a "prison sentence" because it is part of a sentence of intermediate punishment. It further argues that a sentence of intermediate punishment is more akin to sentence of

probation because, if a defendant fails to successfully complete the term of intermediate punishment, he or she is treated in the same manner as a probation revocation offender is. We are aware that a sentence of intermediate punishment is a sentencing alternative available in lieu of a sentence of partial or total confinement. 42 Pa.C.S.A. § 9721(6). Nevertheless, section 9763 clearly allows the trial court to include a term of partial or total confinement within the term of intermediate punishment imposed. Thus, because the Outmate Program requires twenty-four hour supervision of Appellant and specifically refers to "incarceration" as part of a "sentence," Appellant is entitled to credit for the seven days he was incarcerated prior to posting bail.

¶ 14 Thus, we vacate Appellant's judgment of sentence and direct the sentencing court, upon remand, to provide Appellant seven days of credit for the time he spent incarcerated prior to posting bail, as well as for any days he has already served in confinement under the Outmate Program.

¶ 15 Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.