J-S19028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL A. HAGERTY | : | |
| | : | |
| Appellant | : | No. 3455 EDA 2017 |

Appeal from the Judgment of Sentence September 5, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000004-2015,
CP-45-CR-0001276-2015, CP-45-CR-0001626-2015,
CP-45-CR-0002508-2014

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 21, 2018**

Appellant Carl A. Hagerty appeals from the judgment of sentence of forty-two to eighty-four months' incarceration imposed following his revocation from the state intermediate punishment ("SIP") program. Appellant first claims that this Court lacks jurisdiction over the appeal and must remand the matter for resentencing; he further argues that the court erred in denying his claim for additional time credit.  We affirm.

On August 24, 2015, Appellant entered a negotiated guilty plea for numerous charges on the above-captioned docket numbers.[1]  On January 29,

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1); 18 Pa.C.S. § 3921(a), 75 Pa.C.S. § 3802(d)(1)(i); 75 Pa.C.S. § 3802(d)(1); and 18 Pa.C.S. § 3925(a).

2016, the trial court sentenced Appellant to twenty-four months of SIP, with 608 days of credit for time served.

On August 16, 2017, the court was notified that Appellant was expelled from SIP due to "his lack of meaningful participation in the program." N.T., 9/5/17, at 12. Specifically, Appellant continued to use illegal substances, resulting in several positive drug screens. *Id.* at 11. As a result, on September 5, 2017, the trial court revoked Appellant's SIP sentence and resentenced him to an aggregate sentence of forty-two to eighty-four months' incarceration. *Id.* At that time, he was awarded time credit for 608 days spent in prison, as well as time spent at an inpatient rehabilitation facility. *Id.* at 9, 11. At the conclusion of the hearing, the court gave Appellant his appellate rights, stating, "[a]nd if you don't file that post-sentence motion, then you have 30 days from today's date to file any appeal to the Superior Court. Do you understand that, sir?" *Id.* at 20.

On September 15, 2017, Appellant filed a motion for reconsideration seeking additional time credit, which the trial court denied after a hearing on October 23, 2017. N.T., 10/23/17, at 26. At the conclusion of the hearing on Appellant's motion, the court advised Appellant that he had thirty days to file an appeal, and issued an order reflecting the same. *Id.* at 29; Trial Ct. Order, 10/23/17, at 1. Appellant filed a notice of appeal on October 30, 2017, and subsequently complied with the trial court's 1925(b) order.

Appellant raises the following issues on appeal:

1. Whether this Court should vacate the sentence and remand for resentencing because this Court does not have jurisdiction to address an appeal filed more than thirty (30) days after resentencing on expulsion from SIP, and where a [s]entencing [c]ourt incorrectly informed Appellant during a colloquy that a [p]ost-[s]entence motion would toll the appeal period[]

2. Whether the [s]entencing [c]ourt committed an error of law when it failed to award time credit for time spent in a court-ordered halfway house through the SIP [p]rogram, and where [Appellant] presented un-contradicted evidence about the circumstances of his tenure in that halfway house, which were substantially identical to confinement in a prison[]

Appellant's Brief at 5.

As a prefatory matter, we must address the timeliness of this appeal. *See Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc).* An appeal from a sentence following the revocation of intermediate punishment must be filed within 30 days of the imposition of the new sentence. *Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (citing Pa.R.A.P. 903(a)). In contrast to other sentencing situations, the filing of a post-sentence motion does not extend the time to appeal a sentence imposed after the revocation of intermediate punishment. *Id.*

Here, the trial court revoked Appellant's SIP sentence and resentenced Appellant on September 5, 2017. He filed a motion for reconsideration on September 15, 2017, which the court denied on October 23, 2017. Appellant filed a notice of appeal on October 24, 2017, which was within thirty days of the order denying his motion for reconsideration, but more than thirty days from the court's order imposing Appellant's sentence. Thus, the instant appeal is facially untimely.

While both Appellant and the Commonwealth acknowledge that the appeal is untimely, they also agree that the late filing was a result of a breakdown in the operations of the trial court.[2]  Appellant's Brief at 11; Commonwealth's Brief at 6.  Based on our review of the record, we agree.  At the resentencing hearing, the trial court did not properly instruct Appellant on the appeal deadline.  **See** N.T., 9/5/17 at 20; **see also** N.T., 10/23/17, at 29.  Additionally, in the order denying Appellant's motion for reconsideration, the court indicated that pursuant to Criminal Rule 720, Appellant had "the right to appeal to the Superior Court of Pennsylvania within thirty (30) days of the date of this order."  Trial Ct. Order, 10/24/17, at 1.

Therefore, because Appellant's error resulted from the trial court's misstatement of the appeal period, it operated as a "breakdown in the court's operation." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (holding that when appellant was led to believe that he had thirty days to appeal from the denial of a reconsideration motion following revocation of probation, our court declined to quash the appeal, recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation).  Thus, we decline to quash the appeal and proceed to address the merits.

---

[2] Appellant further contends that because the appeal is untimely, we lack jurisdiction over the matter and are required to remand it for resentencing. However, this conclusion is in direct conflict with our case law and is without merit.

In his remaining issue, Appellant contends that he is entitled to 179 days of additional time credit, arguing that he was "in custody" while he was at Scranton Community Corrections Center (CCC). Appellant's Brief at 12. In support, Appellant claims that he was "physically restrained from coming or going from [CCC] without permission to do some [sic] from an administrator and a security officer" and "any time he was permitted to leave the facility was circumscribed and monitored as to time and activity." *Id.* at 13. He also states that he was subjected to "searches, drug testing, and mandatory participation in drug treatment programming." *Id.* at 14.

A claim based upon a trial court's failure to give full credit for time served implicates the legality of sentence. *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017). "Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Furness*, 153 A.3d 397, 405 (Pa. Super. 2016) (citation omitted). Thus, our standard of review is *de novo*, and our scope of review is plenary. *Id*.

The Sentencing Code provides, in pertinent part, that a defendant is entitled to credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed." 42 Pa.C.S. § 9760(1). With regard to "custody," this Court has explained:

> The easiest application of 42 Pa.C.S. § 9760(1) is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where the defendant spent time somewhere other than in prison. This difficulty results in part from the fact that

neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.

* * *

The plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative institution[.] Courts have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility.

*Commonwealth v. Fowler*, 930 A.2d 586, 596-97 (Pa. Super. 2007) (internal citations, brackets, and quotation marks omitted, and last alteration supplied).

The *Fowler* Court also noted that "the Legislature intended imprisonment and intermediate punishment to be mutually exclusive and to be treated differently." *Id.* at 596. Further, "[g]enerally, it is within the trial court's discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" *Id.*

In considering other forms of custody, this Court recently summarized our relevant case law, stating that generally,

a defendant is entitled to credit for time he or she served in a court-ordered inpatient rehabilitation program but not for time spent in voluntary inpatient alcohol treatment. *See Commonwealth v. Toland*, 995 A.2d 1242 (Pa. Super. 2010). Moreover, in *Commonwealth v. Tout–Puissant*, 823 A.2d 186 (Pa. Super. 2003), a panel of this Court determined that the defendant was entitled to two weeks' credit against his intermediate punishment sentence for time served in an "Outmate Program," in which the defendant completed community service

projects while under 24–hour supervision. Therein, the appellant included in his reproduced record a copy of a document detailing the numerous requirements of the Outmate Program, and the Commonwealth did not dispute the terms of the Program. *Id.* at 190

In contrast, when a defendant voluntarily admits himself into an inpatient rehabilitation center, the decision whether to credit him for time-served is within the discretion of the trial court. *See Toland*, *supra*; *see also Commonwealth v. Conahan*, 527 Pa. 199, 589 A.2d 1107 (1991) (finding sentencing court did not abuse its discretion in giving defendant credit for time-served in an inpatient, institutional rehabilitation center). Also, in *Commonwealth v. Maxwell*, 932 A.2d 941 (Pa. Super. 2007), this Court precluded credit for electronic monitoring imposed as part of an intermediate punishment sentence.

*Commonwealth v. Lee*, ____ A.3d ____, 2018 PA Super 66, 2018 WL 1416904

(Pa. Super. filed Mar. 22, 2018).

The facts in *Lee* are nearly identical to Appellant's case. Like Appellant,

Lee was expelled from SIP and subsequently resentenced to a term of

imprisonment. *Id.* at *1. In both cases, the trial court declined to give

defendant credit for time he served in phase three of the program, finding

that CCC was not sufficiently custodial, and therefore, did not warrant

additional time credit. *Id.* at *5-*6. Ultimately, the *Lee* Court held that the

defendant was not entitled to credit for time served in CCC. *Id.*

In affirming the trial court's decision, the *Lee* Court stated:

While all of [the a]ppellant's time spent in [CCC] was court-ordered, *i.e.*, part of his SIP sentence, upon our review of the foregoing decisional authority, the limited certified record, and the trial court's opinion, we find the trial court did not commit an error of law in determining that [the a]ppellant is not entitled to credit for the days he spent in [CCC]. Although he testified he was required to report to the facility by nine o'clock each evening, he also admitted he was permitted to "gladly walk out,"

- 7 -

unaccompanied, to go to work each morning. *See* N.T., 6/16/17, at 16–17. Accordingly, we find [the appellant]'s time spent at that facility to be more akin to the time served on electronic monitoring in *Maxwell*, supra, as opposed to the twenty-four hour supervised "Outmate Program" analyzed in *Tout–Puiss[an]t*, *supra*. Therefore, the trial court correctly determined [the appellant] is not entitled to credit for the days he spent at [CCC].

*Id.* at *6.

We find the reasoning in *Lee* to be directly on point in the instant case. Here, at the hearing on Appellant's motion for reconsideration, the trial court heard argument from the Commonwealth and defense counsel, after which Appellant testified concerning the details of his time at CCC. N.T., 10/25/17, at 9-24.

Specifically, Appellant explained that although he was required to be at the facility between 9 p.m. and 7 a.m. each day, he was otherwise permitted to "go to work, or go to the store, or we could get a pass to go to the bank to get our check." *Id.* at 10. He also testified that although the facility had a curfew, exceptions could be made for those who had "overnight jobs." *Id.* at 24. He further stated that he was subject to random drug screens and was searched each time he entered the facility, although he was not always subject to searches when he left. *Id.*

In denying Appellant's motion for reconsideration, the trial court stated:

[T]he [c]ourt believes that the [c]ourt has discretion whether to award this time or not. And under these circumstances, and in light of the fact that he was in a Level 3 community house, [CCC], the [c]ourt is not convinced that that's the equivalent of incarceration. Although, there have been some cases where I've awarded credits for that type of incarceration. But in light of the fact that [Appellant] was expelled from the program for continued

drug use during the time when he was in the Level 3 housing, I don't think it's appropriate at this point to award him that discretionary time.

*Id.* at 27.

In its opinion, the trial court further explained that

[a]t the time of the hearing on [Appellant's] [m]otion to [r]econsider [s]entence, we set forth our reasons for not giving the requested time credit to [Appellant]. Specifically, we noted that there were no bars on the windows and [Appellant] left each day to work. In adjusting to the Level 3 and transitioning to be furloughed home, [Appellant] began using drugs again.

Initially, we considered all of the facts and circumstances surrounding [Appellant's] participation in the Level 3 facility and we determined that [Appellant] should not receive time credit. We did not recognize that facility to be equivalent to incarceration and we noted that [Appellant] tested positive for drugs on several occasions.

Trial Ct. Op., 12/1/17, at 4.

Upon review, we conclude that there was no error in the trial court's denial of credit for time served at CCC while in the SIP program. In light of this Court's recent decision in *Lee*, and based upon the instant record, we agree with the trial court that Appellant's time at CCC was not sufficiently custodial as to require credit for time served under 42 Pa.C.S. § 9760(1). Therefore, the trial court acted within its discretion in denying Appellant's request for additional time credit. *See Lee*, 2018 WL 1416904, at *5.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/21/18</u>