J-S63034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ASHLEY KAY PLANTS | : | |
| | : | |
| Appellant | : | No. 603 WDA 2018 |

Appeal from the Judgment of Sentence March 23, 2018
In the Court of Common Pleas of Potter County Criminal Division at
No(s): CP-53-CR-0000097-2016

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED NOVEMBER 06, 2018**

Appellant, Ashley Kay Plants, appeals from the judgment of sentence entered in the Court of Common Pleas of Potter County following the revocation of her probation. After a careful review, we are constrained to vacate the judgment of sentence and remand for proceedings consistent with this decision.

The relevant facts and procedural history are as follows: Appellant was arrested on drug charges in Potter County, and her case was docketed in the Court of Common Pleas of Potter County at CP-53-CR-0000097-2016 ("the Potter County case"). At approximately the same time, Appellant was arrested on unrelated drug charges in McKean County, and her case was docketed in the Court of Common Pleas of McKean County at CP-42-CR-0000170-2016 ("the McKean County case"). Appellant was incarcerated at the McKean

_____
* Former Justice specially assigned to the Superior Court.

County Jail on both cases pending trial. On April 4, 2016, bail was set in the McKean County case, and on April 5, 2016, bail was set in the Potter County case. Appellant remained in the McKean County Jail until she posted bail on April 26, 2016.

On August 11, 2016, while still on bail in the Potter County case, Appellant pled guilty to one count of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), in the McKean County case, and on September 15, 2016, the Court of Common Pleas of McKean County sentenced Appellant to 31 days to 12 months in prison with credit for time served.

Thereafter, apparently while on parole with regard to the McKean County case, Appellant tested positive for marijuana, cocaine, and heroin. Accordingly, on September 26, 2016, the Commonwealth filed a motion to modify the terms of Appellant's bail with regard to the Potter County case. Therein, the Commonwealth averred that Appellant's positive drug test constituted a violation of her bail conditions.

While the Commonwealth's motion to modify the terms of Appellant's bail was pending, Appellant was reincarcerated in the McKean County Jail, although the exact date and reasons for her reincarceration are not clear from the record.[1] Subsequently, by order dated October 21, 2016, and filed on

_____

[1] For instance, on October 10, 2016, the trial court in the Potter County case filed an order directing that Appellant be transported from the McKean County Jail to the Court of Common Pleas of Potter County for the call of the criminal

October 24, 2016, the trial court directed in the Potter County case that, since Appellant did not contest the Commonwealth's motion to modify Appellant's bail:

> [Appellant] will be granted a furlough to attend inpatient drug and alcohol treatment at Maple Manor, with transportation to be provided by that entity. Should [Appellant] be discharged from Maple Manor for any reason, she will immediately report back to the McKean County Jail and continue her incarceration pending further court order.

Trial Court Order, filed 10/24/16.

On October 26, 2016, the trial court entered a second order indicating that the Potter County Drug and Alcohol Program Administrator advised the trial court that the inpatient treatment and return to incarceration was counterproductive to Appellant's recovery. Accordingly, the trial court stayed the portion of its October 24, 2016, order regarding the furlough into inpatient treatment and directed Appellant to remain in the McKean County Jail awaiting trial in the Potter County case. Appellant's bail was set at $10,000 straight cash.

On November 4, 2016, in the McKean County case, the Court of Common Pleas of McKean County directed that Appellant only be released from the McKean County Jail in accordance with her drug and alcohol

---

list. The order further provided that Appellant was to be immediately transported back to jail upon completion of her court appearance. Therefore, as of October 10, 2016, Appellant had been reincarcerated.

treatment plan with regard to her McKean County sentence and to address the detainer pending in Potter County.

On November 16, 2018, Appellant filed a petition to reinstate/modify bail in the Potter County case. Therein, she averred that she was incarcerated in the McKean County Jail, and she sought to have her bail modified. Appellant averred that she was required to attend an inpatient treatment plan in McKean County in connection with the McKean County case, and thus, she sought to have her bail reduced from $10,000 straight cash to a lesser amount. On December 1, 2016, the trial court denied Appellant's petition to reinstate/modify bail in the Potter County case.

On December 13, 2016, the Commonwealth filed a motion for modification of bail informing the trial court that the Potter County Women's Center "has available space for [Appellant] and may be able to meet [Appellant's] ongoing needs for rehabilitation." Commonwealth's Motion for Modification of Bail, filed 12/13/16. Thus, the Commonwealth suggested the trial court consider modifying Appellant's bail and transferring her from the McKean County Jail to the Potter County Women's Center pending trial. On January 26, 2017, the trial court filed an order granting the Commonwealth's request. Thus, the trial court directed that Appellant be transferred from the McKean County Jail to the Potter County Women's Center awaiting trial in this case. The trial court indicated "[s]he will remain at the Center receiving

appropriate services including drug and alcohol services and all other recommended services." Trial Court Order, filed 1/26/17.

On April 24, 2017, with regard to the Potter County case, Appellant entered a counseled guilty plea to possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and possession of a controlled substance, 35 P.S. § 780-113(a)(16). On that same date, the trial court sentenced Appellant to one year of probation for possession of drug paraphernalia and one year of probation for possession of a controlled substance, the sentences to run consecutively to each other and concurrently to Appellant's sentence in the McKean County case.

On May 3, 2017, Appellant filed a timely counseled motion to modify her sentence in the Potter County case. Therein, Appellant averred the trial court erred in failing to grant her credit for time served. Specifically, she sought credit for time served in the McKean County Jail from April 5, 2016, to April 25, 2016, and from October 21, 2016, to January 25, 2017, which totaled 118 days. She also sought credit for time served in the Potter County Women's Center prior to the entry of her guilty plea in the instant matter from October 21, 2016, to January 25, 2017, which totaled 89 days. By order entered on May 9, 2017, the trial court granted Appellant 118 days of credit for time served while she was in the McKean County Jail; however, the trial court denied Appellant 89 days of credit for the time she was committed to the Potter County Women's Center.

On August 20, 2017, while Appellant was on probation in the Potter County case, she overdosed on narcotics and was transported to the hospital. Thereafter, Appellant was admitted to the Potter County Women's Center, and the Commonwealth filed a petition for the revocation of Appellant's probation with regard to the Potter County case. On September 6, 2017, following a hearing, the trial court revoked Appellant's probation on the Potter County case. On that same date, the trial court sentenced Appellant to 24 months of County Intermediate Punishment[2] as to possession of drug paraphernalia and twelve months of probation for possession of a controlled substance, the sentences to run consecutively.

On October 3, 2017, Appellant filed a counseled notice of appeal to this Court. On December 18, 2017, the trial judge sent a letter to this Court requesting that we remand the matter back to the Potter County Court of Common Pleas as the trial judge realized it issued a "sentence above the guidelines." *See* Trial Court Letter, dated 12/18/17. On January 30, 2018, this Court filed a *per curiam* order indicating the following:

> [U]pon consideration of the Honorable Stephen Minor's letter to this Court dated December 18, 2017, requesting that this Court remand the matter to issue a Corrective Order of Sentence, and upon consideration of letters received by this Court from both Appellant[] and the Commonwealth agreeing that this matter should be vacated for the same reason, it is **ORDERED** that the

---

[2] Specifically, with regard to possession of drug paraphernalia, the trial court imposed "restrictive intermediate punishment" of four months at the Potter County Women's Center to be followed by twenty months of probation.

judgment of sentence is **VACATED** and the case is **REMANDED** to the trial court for resentencing. **JURISDICTION RELINQUISHED**.

Superior Court Order, filed 1/30/18 (*per curiam*) (emphasis in original).

On March 23, 2018, the trial court resentenced Appellant in the Potter County case to twelve months of County Intermediate Punishment[3] as to possession of drug paraphernalia and twelve months of probation for possession of a controlled substance, the sentences to run consecutively. The trial court did not impose credit for time served. On April 16, 2018, Appellant filed a timely counseled notice of appeal to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.[4]

_____

[3] Specifically, with regard to possession of drug paraphernalia, the trial court imposed "restrictive intermediate punishment" of four months at the Potter County Women's Center to be followed by eight months of probation.

[4] In its Pa.R.A.P. 1925(a) opinion, the trial court indicated Appellant was not entitled to credit for time served as to her probation revocation sentence in the Potter County case "since the instant sentence imposed by the Court did not include a period of incarceration but rather Intermediate Punishment and Probation, no credit is required." Trial Court Opinion, filed 5/25/18, at 2. The trial court is mistaken in this regard. This Court has held that where credit for time served would be permitted for participation in a restrictive intermediate punishment prior to serving a sentence of total confinement, credit for time spent in total confinement should be counted as time served against a sentence of restrictive intermediate punishment. ***Commonwealth v. Tout-Puissant***, 823 A.2d 186 (Pa.Super. 2003). Here, upon the revocation of Appellant's probation, the trial court in the Potter County case imposed a County Intermediate Punishment, which included four months of "restrictive intermediate punishment" at the Potter County Women's Center. Thus, to the extent Appellant is otherwise entitled to credit for time served, the imposition

On appeal, Appellant contends the trial court imposed an illegal sentence. Specifically, Appellant contends that she is entitled to credit for time served while she was in the McKean County Jail awaiting the disposition of her charges in the Potter County case.

"Initially, we note that, in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted). A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. *Commonwealth v. Menezes*, 871 A.2d 204, 207 (Pa.Super. 2005). Issues relating to the legality of a sentence are questions of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa.Super. 2016). Our standard of review over such questions is *de novo* and the scope of review is plenary. *Id.*

> It is well established that there is no constitutional right to credit for time served prior to trial or sentence. Statutes which afford pre-sentence confinement credit are founded upon the recognition that an indigent offender, unable to furnish bail, should serve no more and no less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail.

_____

of a County Intermediate Punishment would not preclude the award of credit for time served to Appellant. *See id.*

*Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa.Super. 2009) (citations, quotation marks, quotation, and footnote omitted).

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760.

Here, on appeal, Appellant specifically seeks credit for the time she served in the McKean County Jail from April 5, 2016, to April 25, 2016, as well as from October 21, 2016, to January 25, 2017. However, the certified record before us is deficient for determining whether Appellant has already received credit for time served and/or whether she is otherwise entitled to credit for time served.[5]

For instance, when the Court of Common Pleas of McKean County sentenced Appellant in the McKean County case on September 15, 2016, the McKean County court granted Appellant credit for time served. This award possibly included the time Appellant served in the McKean County Jail from April 5, 2016, to April 25, 2016; however, the docket in the McKean County

_____

[5] We note that, with regard to sentences imposed following the revocation of probation, defendants are not entitled to credit for time spent in custody prior to the imposition of their original sentence, if the time has already been credited to an incarcerative portion of the original sentence. **See Commonwealth v. Bowser**, 783 A.2d 348 (Pa.Super. 2001) (holding that defendant who had probation revoked was not entitled to credit for time previously spent in jail as that credit had already been applied to the incarcerative portion of his original sentence, which resulted in him being paroled sooner without having to spend the last half of his incarcerative sentence in jail). However, in the case *sub judice*, Appellant's original sentence in the Potter County case consisted solely of an aggregate two-year period of probation, thus any credit for time served to which Appellant is entitled has not already been properly credited to an incarcerative portion of a sentence in Potter County. **See Johnson**, **supra** (holding where the appellant was in jail pending pleading guilty and received a probated sentence the appellant was entitled to credit for this time served when his probation was revoked and he was sentenced to a term of prison).

case does not indicate precisely what days were included in the credit. ***See Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa.Super. 2014) ("This Court has held that a defendant is not entitled to receiv[e] credit against more than one sentence for the same time served.") (quotation marks and quotation omitted)).

Moreover, with regard to October 21, 2016, to January 25, 2017, Appellant was in the McKean County Jail; however, the record does not reveal whether Appellant was reincarcerated during this time solely for purposes of the Potter County case or whether she was also reincarcerated with regard to the McKean County case. For instance, the record before us indicates that, on October 10, 2016, the Court of Common Pleas of Potter County sought to have Appellant transferred from the McKean County Jail to the trial court for the call of the criminal list. As of October 10, 2016, Appellant was on bail in the Potter County case, thus it appears Appellant was incarcerated in the McKean County Jail as of October 10, 2016, for reasons unrelated to the Potter County case.

Thereafter, until at least November 4, 2016, the Court of Common Pleas of Potter County and the Court of Common Pleas of McKean County entered orders pertaining to Appellant's bail and/or release from the McKean County Jail. Specifically, in the Potter County case, in an order dated October 21, 2016, and filed on October 24, 2018, the trial court initially sought to permit Appellant to be furloughed to Maple Manor from the McKean County Jail;

J-S63034-18

however, the trial court subsequently stayed the order on October 26, 2016. On November 4, 2016, in the McKean County case, the trial court specifically directed that Appellant shall only be released from the McKean County Jail in accordance with her drug and alcohol treatment plan issued in relation to her McKean County sentence and to address the detainer pending in Potter County.

Therefore, the reasons Appellant was incarcerated from October 21, 2016, to January 25, 2017, as well as whether the time has been applied to another sentence, are not clear from the record. Thus, we are unable to determine whether Appellant is entitled to credit for the time served during this period with regard to the Potter County case. **See Ellsworth**, **supra**; 42 Pa.C.S.A. § 9760.

Moreover, we note that Appellant was placed in the Potter County Women's Center from January 25, 2017, to April 24, 2017. The Commonwealth suggests that, if properly raised on appeal, Appellant would be entitled to credit for time served for the time she was held in the restrictive Women's Center pending trial in the Potter County case. However, the Commonwealth urges waiver based on Appellant's failure to raise the issue in her court-ordered Pa.R.A.P. 1925(b) statement or appellate brief.

It is well-settled that the failure to raise a legality of sentencing claim in a Rule 1925(b) statement does not result in waiver of the claim, and, in fact, this Court will *sua sponte* address legality of sentencing claims.

*Commonwealth v. Melvin*, 103 A.3d 1 (Pa.Super. 2014).  Accordingly, upon remand, the trial court shall determine whether Appellant is entitled to credit for the time she served in the Potter County Women's Center from January 25, 2017, to April 24, 2017, consistent with the mandates of this decision.

Finally, we note that, prior to the revocation of her probation in the Potter County case, Appellant was at the Potter County Women's Center following her August 20, 2017, overdose and hospital stay.  The record is not clear as to the circumstances surrounding Appellant's entrance into the Potter County Women's Center at this time, and therefore, we direct the trial court to determine whether this time constitutes credit for time served in accordance with this decision.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2018

- 13 -