J-S35023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUSTIN JAMES STRINE | : | |
| | : | |
| Appellant | : | No. 573 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 30, 2021,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0000394-2018.

BEFORE: OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: FEBRUARY 22, 2022**

Dustin James Strine appeals from the judgment of sentence imposed following his guilty plea to two counts of burglary and other related offenses. Upon review, we affirm and remand with instructions.

On December 15, 2017, Strine broke into the business of his former employer, Beecher and Myers Co., Inc. He stole a router key and extensively damaged the garage door and equipment inside. On December 26, 2017, Strine broke in a second time and was caught on camera entering the garage. Strine was charged with two counts of burglary, two counts of criminal trespass, and one count each of theft by unlawful taking—movable property, and receiving stolen property.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(4), 3503(a)(1)(ii), 3921(a), and 3925(a).

Thereafter, on May 8, 2018, Strine pled guilty to all charges, and the trial court admitted him to the York County's Veterans' Wellness Court Program. However, the court removed him from it when Strine failed to comply with its requirements.

On June 27, 2019, the trial court sentenced Strine to the state intermediate punishment program ("SIP"). Again, Strine failed to comply with program requirements by using drugs and committing an assault and was expelled.

On March 30, 2021, the trial court resentenced Strine to 18 to 36 months of incarceration in a state correctional institution for each burglary to run consecutively.[2] The court gave Strine some credit for time served. Strine filed a post-sentence motion, which the court denied.

Strine filed this timely appeal. The trial court and Strine complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Strine raises the following single issue:

1) Whether the trial court abused its discretion when sentencing [Strine] to two aggravated range sentences to be served consecutively in light of [Strine's] need for rehabilitation and [by] considering [Strine's] personal relationships and reason for SIP expulsion?

Strine's Brief, at 3 (excess capitalization omitted).

Strine challenges the discretionary aspects of his sentence "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review

_____

[2] The other charges merged for sentencing purposes.

as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).  This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Strine satisfied the first three requirements under ***Colon***.[3] Accordingly, we must consider whether Strine's claim raises a substantial question.  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

---

[3] The Commonwealth claims that Strine referenced Rule 2111 rather than 2119(f), and therefore waived his sentencing claim.  Commonwealth Brief, at 10 n. 1.  We note that, although Strine did not cite Rule 2119(f), his statement satisfies the purpose of Rule 2119(f), which is to inform the Court why review of the sentence is proper prior to consideration of the merits and to limit sentencing challenges to exceptional cases.  ***See***, ***e.g, Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*).  Compliance with the substance of Rule 2119(f) despite failure to use a separate label is not considered waiver.  ***Commonwealth v. Pickering***, 533 A.2d 735, 737-38 (Pa. Super. 1987).

*Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations and quotations omitted). The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995).

In his statement of reasons why he should be allowed to appeal the discretionary aspects of his sentence, Strine claims that his sentence was manifestly excessive because the trial court imposed two consecutive sentences in the aggravated range. Strine's Brief, at 13-14. This is particularly so given Strine's ongoing rehabilitative needs and that the two burglaries were closely related. Additionally, Strine claims that the court erred in considering Strine's "romantic choices" when it structured his sentence. *Id.* at 15.

First, the imposition of consecutive sentences rather than concurrent sentences may raise a substantial question in some cases. This Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].
>
> [An appellant] may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence;

however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Swope***, 123 A.3d 333, 338-39 (Pa. Super. 2015) (quotations and citations omitted).

A general allegation that the sentencing court failed to consider certain mitigating factors does not raise a substantial question. ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003); a***ccord Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). However, where an appellant alleged that the sentencing court imposed a sentence in the ***aggravated range*** without adequately considering mitigating circumstances, we have found a substantial question existed. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc* ). Likewise, we have found that a substantial question existed where the appellant claimed that the court considered improper factors in sentencing him in the aggravated range. ***Commonwealth v. Stewart***, 867 A.2d 589, 592 (Pa. Super. 2004).

Because Strine's claim related to his aggravated sentences, we conclude that he has raised a substantial question. Therefore, we will consider the merits of it.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, we observe that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. ***Commonwealth v. Lloyd***, 878 A.2d 867, 873 (Pa. Super. 2005). The Sentencing Code affords the court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. 42 Pa.C.S.A. § 9721; ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005).

Furthermore, where it reasonably appears from the record that the trial court *relied* in whole or in part upon such an impermissible factor, a sentence may be rendered invalid. ***See Commonwealth v. Bethea***, 379 A.2d 102 (Pa. 1977).

In reviewing Strine's sentencing claim, we first note that the trial court had the benefit of a pre-sentence report when it sentenced Strine. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The trial court remarked that it considered the pre-sentence report, along with counsel's statements to the court, and Strine's

statement to fashion his sentence. N.T., 3/30/21, at 14. We further observe that the trial court had dealt with Strine for years. Thus, the trial court was well familiar with Strine's particular circumstances.

In explaining the basis for its sentence, the trial court recognized that its sentence must be consistent with the protection of the public, the gravity of the offense as it related to the impact on the victim and the community, and Strine's rehabilitative needs. *Id.* at 9. It is evident that the court thoroughly weighed all of these factors.

In particular, and contrary to Strine's claim, the trial court fully recognized Strine's rehabilitative needs. The court acknowledged the trauma he sustained as a result of his military service and the rehabilitation that this necessitated. However, to the court's great disappointment, Strine failed to take advantage of the services and treatment afforded to him previously. The court placed him in the Veteran's Wellness Court Program, thereby avoiding a much harsher sentence. When he was unsuccessful there, Strine was placed in SIP, but, again, was unable to successfully complete the program. Both programs offered him intensive treatment opportunities. However, Strine failed to take advantage of them and instead chose to engage in conduct that demonstrated an inability to be rehabilitated. The court acknowledged that, while some of those services may have been limited due to COVID, which Strine complained of, Strine lost those opportunities because he got himself removed from the programs. *Id.* at 15.

- 7 -

In further addressing Strine's failure to avail himself of the opportunity to rehabilitate himself, the court noted Strine's romantic relationship with his counselor. The court observed that, rather than taking advantage of her professional services, he chose to become her boyfriend and cohabitate with her. However, contrary to Strine's claim, we observe that the court did not base his sentence on this factor. Instead, the court merely referenced it as another example of how Strine failed to avail himself of the rehabilitative services provided to him. *Id.* Therefore, we conclude that the trial court did not consider an impermissible factor when it sentenced Strine.

In the end, although Strine expressed his desire to continue to try to rehabilitate himself, the trial court concluded that Strine lacked rehabilitative potential. *Id.* at 18. With this being Strine's third sentencing, the trial court found it necessary to utilize other legitimate bases of sentencing—punishment and deterrence. Consequently, the trial court concluded that Strine's conduct warranted a sentence in the aggravated range for the first burglary. *Id.* at 19.

The trial court further found that Strine had a criminal mindset and an intent to victimize. Strine revictimized his employer and damaged its property out of spite because his employer fired him. Consequently, the court imposed the same sentence for the second burglary, to run consecutive to the first sentence. The court was not willing to give him a volume discount. *Id.* at 20.

Based upon our review, it is evident that the trial court considered all of the relevant sentencing factors. Further, given the deferential standard this Court must apply on appeal and the trial court's rationale for its sentence, we find that the trial court did not abuse its discretion when it sentenced Strine. This claim merits no relief.

However, we observe that, at the end of his brief, Strine requested that he be granted additional credit for time served. Strine's Brief at 25. Although the trial court credited him for some time served, he claims:

> Not included in this time is entrance into the SIP program, which lasted from 18 April 2019 to 31 December 2019. Furthermore, [Strine's] time at CCC Center Keystone was not credited nor his time at SCI Retreat and SCI Smithfield, lasting from 5 April 2020 to 30 October 2020 collectively. Lastly, [Strine's] time in SCI Mahanoy from 16 January 2021 to 30 March 2021 is not credited where he awaited removal from SIP.

Appellant's Brief at 25.

We observe that this is the first time Strine raised this issue. Nevertheless, a claim based upon a trial court's failure to give full credit for time served implicates the legality of one's sentence. *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017). Inquiry into the legality of a sentence is non-waivable. *Commonwealth v. Tout-Puissant*, 823 A.2d 186, 188 (Pa. Super. 2003); *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa. Super. 2002). Thus, we will review his claim.

"Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Furness*, 153 A.3d 397, 405 (Pa. Super. 2016) (citation

omitted). Thus, our standard of review is *de novo*, and our scope of review is plenary. ***Id.***

The Sentencing Code provides, in pertinent part, that a defendant is entitled to credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed." 42 Pa.C.S.A § 9760(1). With regard to "custody," this Court has explained:

> The easiest application of 42 Pa.C.S. § 9760(1) is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where the defendant spent time somewhere other than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.
>
> * * *
>
> The plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative institution[.] Courts have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility.

***Commonwealth v. Fowler***, 930 A.2d 586, 596–97 (Pa. Super. 2007) (internal citations, brackets, and quotation marks omitted, and last alteration supplied). Additionally, "the Legislature intended imprisonment and intermediate punishment to be mutually exclusive and to be treated differently." ***Id.*** at 596. "Generally, it is within the trial court's discretion

whether to credit time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" ***Id.***

Based upon the foregoing authority, it appears that Strine may be entitled to additional credit for time he spent at some of the facilities referenced. First, we observe that Strine claims he did not receive credit for time spent at several correctional facilities. A defendant should be credited for time spent while incarcerated, even when he is so incarcerated as part of an intermediate punishment sentence. ***See Tout-Puissant supra***. Additionally, we note that Strine claims he was under "lock and key" when he was at the Keystone CCC suggesting that he may be entitled to some credit. N.T., 3/30/21, at 22. Thus, he may be entitled to some credit for time served there.

This Court is not able to discern all circumstances surrounding Strine's time spent at these various facilities or whether this time was credited against another sentence. Out of caution, we remand for the trial court to re-examine the award of credit time.

Judgment of sentence affirmed. Case remanded for calculation of time served. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/22/2022</u>