J-S75036-16

2016 PA Super 298

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
PAUL FURNESS, :
:
Appellant : No. 2778 EDA 2015

Appeal from the Judgment of Sentence August 5, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0009880-2012

BEFORE: BOWES, MOULTON and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.: **FILED DECEMBER 22, 2016**

Paul Furness ("Furness") appeals from the judgment of sentence imposed following his convictions for criminal trespass, attempted burglary, and possessing instruments of crime.[1] We affirm in part, reverse in part, and remand for resentencing.

The trial court set forth the relevant facts as follows:

On July 20, 2012, at approximately 10:00 a.m., Christopher Babiarz [("Babiarz")] saw [Furness] attempt to enter his home, located at 3170 Richmond Street, [Philadelphia,] through the window. On that morning, [Babiarz] heard "some rustling and banging at the back door" and observed a silhouette walk past the window with "something like a screwdriver in his hands," attempting to pry open the windows. [Babiarz] opened up the blinds and positively saw [Furness]. [Furness] looked at [Babiarz] and proceeded to run away. [Babiarz] opened the door[] and saw a second person, whom he could not identify, run through the back gate of his yard. He described the second person as "about his height … with dirty blond or brown hair, wearing a green shirt," as "5'10["], 150 pounds, approximately [age] 25 to 30 … wearing jeans." Babiarz testified that he knew [Furness] from the neighborhood, even though they were not part of the same circle due to age differences.

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 901, 907(a).

[Babiarz] called the police and Officer [Edward] Berrthcsi [("Officer Berrthcsi")] arrived. They observed tool marks on the window, with the bottom pane indented and the capping bent. [Babiarz] testified that there were no damages prior to this incident. In addition, [Babiarz] recovered a bag of tools outside of the back door that did not belong to him, which included a screwdriver, multi-tool, paint chisel, and a vise-grip. Officer Berrthcsi testified that on that day, he received a radio call for a burglary at 3170 Richmond Street. [Babiarz] gave him a description of both males and positively recognized one of the males as [Furness]. Officer Berrthcsi observed pry marks on [Babiarz's] rear door and on the side window at the rear property. He also saw tools on the porch that included a screwdriver, vise-grip, and other tools.

The Commonwealth next called Detective [John] Ellis [("Detective Ellis")], Detective [James] McCullough [("Detective McCullough")], and Detective Randall Farward [("Detective Farward")] to testify. Detective Ellis testified that he and Detective McCullough went out to 3170 Richmond Street on that day and met with [Babiarz]. He recovered one green nylon bag containing silver colored vise-grips, a Stanley screwdriver with [a] red and yellow plastic grip, a Hyde scraper with a black handle, and a Great Neck ratchet driver with [a] red and black handle, which were all placed on property receipts. Detective McCullough testified that he arrived with Detective Ellis on that day, took photos of the scene, and recovered tools that [Babiarz] turned over. Detective Farward testified that [Babiarz] told him he knew who attempted to burglarize his home and positively identified [Furness] by photo.

The defense [] called Carolyn Furness [("Carolyn")], Cheryl Neumann [("Cheryl")], and Carol Furness [("Carol")] as their alibi witnesses. [Carolyn, Furness's] sister, testified that on that day, [Furness], her friend Cheryl, and herself began setting up for their mother's retirement party at approximately 8:30 a.m. [Cheryl] testified that she went over to [Furness's] house at approximately 9:00 a.m. to help [Furness] and [Carolyn] prepare for the retirement party. [Cheryl] also testified that [Furness] was there the entire time. Lastly, [Carol, Furness's] mother, testified that she retired on that day, as a court order process clerk for the City of Philadelphia[,] after 26 years of

- 2 -

employment. She came home around 11:00 a.m. and saw [Furness] present at the party.

Trial Court Opinion, 1/11/16, at 2-4 (citations and brackets omitted).

Following a jury trial, Furness was convicted of the above-mentioned crimes. The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI"). On July 6, 2015, after reviewing the PSI, the trial court sentenced Furness to a prison term of 12½ to 25 years for attempted burglary and a concurrent term of 5 to 10 years for criminal trespass, followed by 5 years of probation for possessing instruments of crime.

Furness filed a post-sentence Motion, which the trial court granted in part and denied in part. The trial court re-sentenced Furness to 10 to 20 years in prison for his attempted burglary conviction, a consecutive 2½ to 5 years in prison for his criminal trespass conviction, and a consecutive 5 years of probation for his possessing instruments of crime conviction. Furness subsequently filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Furness raises the following questions for our review:

I. Was the evidence presented at trial sufficient as a matter of law to support the conviction for criminal trespass as set forth in 18 Pa.C.S.A. § 3503(a)(1), where the evidence of record did not establish beyond a reasonable doubt that [Furness] broke into any building or structure[,] as the only evidence at trial indicated that the gate to the yard [Furness] was alleged to have entered was possibly left unlocked by a tenant at the property, and the only evidence at trial indicated that [Furness] fled before entering any building or structure, and the yard [Furness] was

alleged to have entered is not a building or structure or separately secured or occupied portion thereof as set forth in [Section] 3503?

II. Is the sentence imposed in this matter illegal due to the fact that the sentences for burglary and criminal trespass are required to merge for sentencing purposes?

III. With respect to the charges of attempted burglary, criminal trespass, and possessing an instrument of crime, was the verdict [] against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice in light of the circumstances as set forth in the evidence presented at trial?

IV. Should the mandatory minimum sentence imposed by the trial court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that the jury did not expressly find beyond a reasonable doubt all facts necessary to require imposition of a mandatory minimum sentence under that statute?

V. Should the mandatory minimum sentence imposed by the trial court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that [Section] 9714 is unconstitutional as currently drafted?

Brief for Appellant at 7-8.

In his first claim, Furness argues that there is insufficient evidence to support his conviction for criminal trespass because the Commonwealth failed to prove that Furness had entered a building or occupied structure. *Id.* at 20-21. Instead, Furness points to case law holding that a fenced-in backyard of a residential home is not a "building or occupied structure" for the purpose of Section 3503(a)(1)(ii), and argues that such case law applies to this case because Babiarz saw Furness in the backyard, which he shares as a common area with an adjacent apartment building. *Id.* at 21-23.

- 4 -

J-S75036-16

Additionally, Furness asserts that the attempt to pry open Babiarz's window left damage only to the exterior of the residence, and therefore, neither Furness nor his tools had entered the residence.  *Id.* at 24.

The Commonwealth argues, to the contrary, that the entry requirement had been satisfied because Furness "stuck a screwdriver into a gap between the windowpanes" in an attempt to pry open the lock, and that it is therefore "reasonable to infer that some part of the screwdriver came into the house when he did so."  Commonwealth's Brief at 7.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our prior judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

A person commits the offense of criminal trespass "if, knowing that he is not licensed or privileged to do so, he breaks into any building or occupied

- 5 -

structure or separately secured or occupied portion thereof." 18 Pa.C.S.A. § 3503(a)(1)(ii). A person "break[s] into" a building or occupied structure if he "gain[s] entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." *Id.* § 3503(a)(3). Additionally, "the entry requirement of our criminal trespass statute is satisfied by insertion of an instrument which is held or manipulated by the defendant, or so closely associated with his body that it essentially becomes an extension thereof." ***Commonwealth v. Giddings***, 686 A.2d 6, 12 (Pa. Super. 1996) (overruled on other grounds by ***Commonwealth v. Clark***, 756 A.2d 1128, 1131 (Pa. Super. 2000), *appeal denied*, 764 A.2d 1064 (Pa. 2000)).

In ***Giddings***, this Court concluded that the entry requirement of the criminal trespass statute was satisfied where the defendant used a screwdriver to chop a small hole through a door, even though the defendant himself never entered the premises. ***Giddings***, 686 A.2d at 12. This Court, guided by several cases from other jurisdictions, held that the entry requirement can be satisfied by the use of an instrument or tool. ***Id.*** at 12.

Although the ***Giddings*** decision instructs that the entry requirement may be satisfied where an instrument "breaches" the exterior of a building, this Court was not directly faced with the issue of whether an instrument or tool must protrude entirely through the outer boundary of a building or occupied structure in order to constitute an entry for the purpose of Section

3503(a). **See id.** at 11. However, in each of the cases cited in **Giddings**, there was evidence that the instrument or tool used by the defendant had crossed into the interior of the premises. **See id.** at 9-11 (wherein this Court reviewed, and cited with approval, several cases from other jurisdictions in which the entry requirement had been satisfied by the use of an instrument or tool).

Based upon our review of **Giddings** and the cases cited therein, we conclude that, in order to satisfy the entry requirement of Section 3503(a), the evidence must demonstrate that an instrument or tool used by a defendant, or any portion thereof, protruded entirely through the outer boundary of the building or occupied structure and into the interior of the premises.

Here, Babiarz testified that he saw Furness walk by the window with a screwdriver or similar tool in his hand, and that Furness "stuck [the tool] wherever the top and the bottom window actually meet." N.T., 4/1/15, at 39. Babiarz also testified that the window lock is between the top and bottom panes, and that Furness attempted to pry open the lock using the tool. **See id.** at 39-40.

Additionally, the Commonwealth admitted into evidence a picture of the window, which showed damage where the top and bottom panes meet. Exhibit C-12E; **see also** N.T., 4/1/15, at 47 (wherein Exhibit C-12E was marked for identification and admitted into evidence). The picture shows

some damage and scratching on the outside of the wooden window pane; however, it appears clear that the damage was limited only to the surface of the outside of the pane. **See** Exhibit C-12E. At trial, Babiarz was shown Exhibit C-12E, and he agreed with the characterization that the bottom pane was "indented." **See** N.T., 4/1/15, at 47.

Officer Berrthsci also testified that he observed "pry marks" on Babiarz's window. **See** N.T., 4/1/15, at 97, 107.

Upon review, we conclude that the evidence of record, viewed in the light most favorable to the Commonwealth as the verdict winner, was insufficient to sustain Furness's conviction for criminal trespass. The evidence presented at trial demonstrated only that the outer portion of the window pane was "indented," and that there was no hole in the pane such that a tool could protrude through the outer boundary. Absent evidence to suggest that Furness, or any portion of a tool used to pry open the lock, protruded through the window pane and entered into the interior of the premises, the jury could not reasonably infer that Furness had gained entry into Babiarz's home. **Cf. Giddings**, 686 A.2d at 8 (stating that "since the hole went all the way through [the] door, it is clear that, at the very least, the screwdriver … entered the residence."). Therefore, finding insufficient evidence to establish the entry requirement, we reverse Furness's conviction for criminal trespass. Because our disposition may affect the trial court's overall sentencing scheme, we vacate Furness's remaining sentences and

remand for resentencing. *See Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283 (Pa. 1986) (discussing the propriety of remanding for resentencing where an appellant successfully challenges one of several convictions on appeal); *see also Commonwealth v. Rivera*, 95 A.3d 913, 917-18 (Pa. Super. 2014) (remanding for resentencing where "[this Court's] decision might affect the trial court's sentencing scheme.").

In his second claim, Furness asserts that the trial court imposed an illegal sentence because the crimes of burglary and criminal trespass must merge for sentencing purposes, in accordance with the Pennsylvania Supreme Court's decision in *Commonwealth v. Jones*, 912 A.2d 815 (Pa. 2006) (plurality).[2] Brief for Appellant at 24-26. Furness requests that we vacate his sentence for criminal trespass. *Id.* at 26. However, because we have reversed Furness's conviction for criminal trespass, we need not address this claim.

In his third claim, Furness argues that his convictions for attempted burglary, criminal trespass and possessing an instrument of crime are against the weight of the evidence. Brief for Appellant at 26. Regarding the criminal trespass conviction, Furness incorporates the argument set forth in

---

[2] In *Jones*, a plurality of the Pennsylvania Supreme Court held that the crimes of burglary and criminal trespass merge for sentencing purposes, where the same set of facts was sufficient to convict the appellant of both crimes. *Jones*, 912 A.2d at 824.

his first claim. *Id.* at 27.[3] As to the attempted burglary and possessing an instrument of crime convictions, Furness claims that "there is no forensic evidence whatsoever linking Furness to Babiarz's home, yard, or the tools recovered there." *Id.* Furness argues that without forensic evidence, the jury was only able to consider the testimony of the witnesses, only one of whom provided a link between Furness and the crimes. *Id.* Furness challenges the accuracy of Babiarz's identification of Furness, asserting that Babiarz was "emotional" on the day of the incident, and he had not seen Furness for 20 years prior to the incident. *Id.* at 28. Additionally, Furness asserts that Babiarz's testimony contradicts the testimony of three other witnesses who testified that they were with Furness at 11:00 a.m. that day. *Id.* at 29-30. Furness also cites to Carolyn's testimony that, prior to this incident, Babiarz came to Carol's home, asked for Furness, and referenced a debt that Furness owed to him. *Id.* at 30-31. At trial, Babiarz denied this interaction with Carolyn. *Id.* at 31.

As this Court has recognized,

[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting

---

[3] We note that we need not address the weight of the evidence in regard to Furness's criminal trespass conviction, as we have reversed this conviction.

> or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014) (citations omitted). "On appeal, this Court cannot substitute its judgment for that of the jury on issues of credibility, or that of the trial judge respecting weight." *Commonwealth v. Sanchez*, 36 A.3d 24, 39 (Pa. 2011); *see also Commonwealth v. Hall*, 830 A.2d 537, 542 (Pa. 2003) (stating that "in instances where there is conflicting testimony, it is for the jury to determine the weight to be given the testimony. The credibility of a witness is a question for the fact-finder." (citation omitted)).

Here, Furness asks us to substitute our judgment for that of the jury, and to reassess the credibility of several witnesses, as well as Babiarz's identification of Furness. The trial court determined that the jury found Babiarz's testimony credible, despite conflicting evidence; the officers' and detectives' testimony corroborated Babiarz's story; and the alibi presented at trial was less credible than Babiarz's identification. *See* Trial Court Opinion, 1/11/16, at 12. We discern no abuse of discretion by the trial court in denying Furness's weight claim. From the verdict, it is apparent that the jury found the testimony of Babiarz to be more credible than the testimony of the alibi witnesses, and we may not reconsider the credibility of conflicting testimony on appeal. *See Sanchez, supra*; *see also Hall, supra*. Because the evidence supports the jury's verdict, and we discern no abuse of discretion by the trial court, this claim is without merit.

In his final claim, Furness argues that the mandatory minimum sentence imposed for his attempted burglary conviction, pursuant to 42 Pa.C.S.A. § 9714, is illegal, and he raises two sub-issues in support of his argument.[4]   Brief for Appellant at 31.   First, citing the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013),[5] Furness claims that his sentence is illegal because the jury did not find beyond a reasonable doubt all facts necessary to require imposition of a mandatory minimum sentence.  **Id.** at 32-34.  Furness argues that the fact triggering the imposition of a mandatory minimum sentence, *i.e.*, a prior conviction for a crime of violence, had not been found by the jury beyond a reasonable doubt.  **Id.** at 35.   Additionally, Furness noted that in the **Alleyne** decision, United States Supreme Court "declined to address whether the fact triggering a mandatory minimum sentence is to be considered an element of the crime (and thus submitted to the jury and proven beyond a reasonable doubt with prior notice to a defendant) if that fact is a prior conviction."  **Id.**; **see also Alleyne**, 133 S. Ct. at 2151 n.1. Second, Furness argues that even if Section 9714 is constitutional under the

_____

[4] In the argument section of his brief, Furness's fourth and fifth claims are raised as sub-issues to a general claim that the mandatory minimum sentence imposed for his attempted burglary conviction.  Therefore, we will consider these claims together.

[5] In **Alleyne**, the United States Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt.  **Alleyne**, 133 S. Ct. at 2155.

- 12 -

*Alleyne* holding, there is a "good faith argument for change in existing law based upon the reasoning and rule set forth in *Alleyne* and the shaky underpinnings of *Almendarez-Torres v. United States*[, 523 U.S. 224 (1998)[6]]." Brief for Appellant at 36-37. Furness contends that *Almendarez-Torres* cannot alone support the constitutionality of Section 9714 because the *Almendarez-Torres* decision relied on prior decisions that either do not support the holding, or have subsequently been overruled. *Id.* at 38-39.

Section 9714 of the Sentencing Code provides, in relevant part, as follows:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.**—

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence[7] shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. …

---

[6] In considering maximum permissive sentences, the United States Supreme Court in *Almendarez-Torres* held that prior convictions are sentencing factors rather than elements of an offense. *Almendarez-Torres*, 523 U.S. at 243-44.

[7] For the purposes of this section, "crime of violence" includes "burglary as defined in 18 Pa.C.S.[A.] § 3502(a)(1)," as well as criminal attempt to commit any of the named offenses. 42 Pa.C.S.A. § 9714(g).

\* \* \*

**(d) Proof at sentencing.**—Provisions of this section *shall not be an element of the crime* and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, *by a preponderance of the evidence*, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. …

42 Pa.C.S.A. § 9714(a), (d) (footnote and emphasis added).

Furness's claim challenges the legality of his sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa. Super. 2014). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014) (citations, brackets and ellipses omitted).

Initially, in **Alleyne**, the United States Supreme Court recognized the narrow exception set forth in **Almendarez-Torres**, regarding the fact of a prior conviction. **Alleyne**, 133 S. Ct. at 2151 n.1 (declining to revisit the issue, as it had not been raised by the parties). Because the United States Supreme Court did not overturn the **Almendarez-Torres** exception, the

*Alleyne* rule includes the prior conviction exception. *See id.*; *see also Almendarez-Torres*, 523 U.S. at 243-44.

This Court specifically considered the constitutionality of Section 9714 in *Commonwealth v. Reid*, 117 A.3d 777 (Pa. Super. 2015). In *Reid*, this Court acknowledged that the *Alleyne* decision retained the exception for prior convictions. *Reid*, 117 A.3d at 784. The *Reid* Court held that Section 9714 is not unconstitutional because it increases mandatory minimum sentences based on prior convictions. *Reid*, 117 A.3d at 785.[8]

Here, Furness was given the required notice of the Commonwealth's intent to seek the mandatory minimum sentence pursuant to Section 9714. *See* 42 Pa.C.S.A. § 9714(d). The trial court, with the benefit of a PSI, determined that Furness had a prior conviction for burglary. *See* Trial Court Opinion, 1/11/16, at 10 n.1. Additionally, Furness does not dispute his prior conviction for burglary. *See* 42 Pa.C.S.A. § 9714(d) (explaining that the accuracy of the prior record, *if contested*, is subject to a preponderance of the evidence standard). Based upon the foregoing, we conclude that the trial court did not impose an illegal sentence, and Furness is not entitled to relief on this claim. *See Bragg*, 133 A.3d at 332-33 (upholding *Reid*'s

---

[8] We note that the Pennsylvania Supreme Court has granted allowance of appeal to consider the constitutionality of mandatory minimum sentences imposed pursuant to Section 9714. *See Commonwealth v. Bragg*, 133 A.3d 328 (Pa. Super. 2016), *appeal granted*, 143 A.3d 890 (Pa. 2016). However, as our Supreme Court has not yet issued a decision on this issue, *Reid* remains controlling.

determination that a mandatory minimum sentence imposed pursuant to Section 9714 is not unconstitutional under **Alleyne**).

Judgment of sentence affirmed in part and reversed in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016