J-S71038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEWART ENOS | : | |
| | : | |
| Appellant | : | No. 440 EDA 2018 |

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001049-2015

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 15, 2019**

Appellant Stewart Enos appeals from the judgment of sentence following a jury trial and his convictions for fleeing or attempting to elude police[1] and related offenses.  On appeal, Appellant purports to challenge the sufficiency of the evidence, specifically that the testimony of the witnesses identifying him as the offender were allegedly contradictory.  We affirm.

We state the facts and procedural history as set forth by the trial court:

Officer Anthony Fisher of the Pottstown Police Department testified that on August 22, 2014, at approximately 11 p.m., he was responding to a call for suspicious activity in the 400 block of Johnson Street, Pottstown, Montgomery County.  His patrol vehicle was equipped with a dash camera that captured video and also displayed speed, direction of travel, time and date.  The video depicts Officer Fisher turning onto Johnson Street, proceeding south, at which point a spotlight on a fellow officer's vehicle is visible.  A small sedan pulls out from the curb, and begins driving

_____

[1] 75 Pa.C.S. § 3733(a).

toward Officer Fisher, north on Johnson Street, momentarily without headlights. At this point, Officer Fisher activates his lights and sirens in an attempt to stop the vehicle. The car then turns in front of the Officer into a dead-end, private driveway. Officer Fisher followed the car and exited his patrol vehicle, in anticipation of a foot pursuit, with his weapon in a "low ready" position. At this point, Officer Fisher shouted verbal commands to [Appellant] to stop action; [Appellant] did not stop and began to drive the vehicle towards the officer. The officer, now fearing for his safety, aimed his weapon at the driver of the vehicle, at which time he was within a couple feet of the car and had a clear view of [Appellant's] face. [Appellant] then puts the vehicle in reverse and drives over a lawn to get back on to 8th Street. Officer Fisher gets back in his vehicle and begins a high speed pursuit of [Appellant]. The pursuit reached speeds over 60 miles per hour, in a residential area. Officer Fisher ultimately called off the pursuit out of concern for community safety.

On September 15, 2014, Officer Fisher was on patrol when he saw [Appellant] standing outside of a vehicle on Chestnut Street in Pottstown, Montgomery County, approximately a mile from where the chase began on August 22, 2014. Without hesitation, Officer Fisher recognized [Appellant] and called for backup. [Appellant] was arrested without incident. [Officer Fisher identified Appellant at trial. N.T. Trial, 4/6/16, at 20.]

Officer Eric Weber also testified at trial. He responded to a call of a suspicious vehicle on Johnson Street. He testified that as he arrived at the location indicated in the call, he observed a vehicle fitting the description of that in the call parked at the curb; an individual later identified as Melvin Hampton got out of the back passenger seat. The vehicle then pulled away from the curb and Officer Weber activated his emergency lights. The vehicle did not stop. Officer Weber followed the car and Officer Fisher's patrol vehicle into the private driveway. Like Officer Fisher, he exited his vehicle and approached the vehicle. At that point, the driver began backing up towards Officer Fisher. Officer Weber drew his weapon and began to run toward the car, identifying himself as a police officer and giving verbal commands to stop. Officer Weber testified that he was unable to identify the driver of the vehicle.

[Appellant] testified in his own defense. He testified that he was not the driver of the car. He also testified that on the date of the incident, August 22, 2014, his driver's license was suspended.

Trial Ct. Op., 6/11/18, at 1-3 (citations omitted).

Following a jury trial, Appellant was convicted, and the trial court sentenced him to one to seven years' incarceration. *Id.* at 3. Appellant filed, and the court denied, a timely post-sentence motion, which did not challenge the weight of the evidence. After a lengthy procedural history, Appellant's right to file a direct appeal *nunc pro tunc* was reinstated, and Appellant timely appealed. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[2]

Appellant raises the following question on appeal:

1. Was the verdict unsupported by sufficient evidence because the evidence as to the identity of the driver of the fleeing car was such that rational[,] beyond a reasonable doubt finding could not be made and the jury could only guess at the identity of the perpetrator?

Appellant's Brief at 3.

Appellant begins by summarizing testimony that, in Appellant's view, was conflicting as to whether he was the driver. *Id.* at 7-10. Appellant's argument appears to be that Officer Fisher, who identified Appellant, had just three years' experience as a police officer in contrast to Officer Weber, who was more experienced than Fisher but could not identify Appellant. *Id.* at 8-9. Appellant also discusses portions of Officer Weber's testimony that, in

---

[2] The record does not include the court's Rule 1925(b) directive, although the docket reflects entry of such an order.

Appellant's view, establishes Officer Fisher was not in a position to identify him. *Id.* at 9-10. In sum, Appellant contends that because "Officer Fisher and Weber contradicted each other on the critical issue of Officer Fisher's ability to observe, there was no rational way to determine which officers' testimony to credit or discredit," we must vacate his convictions. *Id.* at 11.

The standard of review for a challenge to the sufficiency of evidence is well-settled:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

*Commonwealth v. McFadden*, 156 A.3d 299, 303 (Pa. Super. 2017) (citation omitted). The trier of fact, "while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Orr*, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*) (citation omitted). "[E]vidence of identification need not be positive and certain to sustain a conviction. . . . Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight." *Id.* at 874 (citations and quotation marks omitted). Thus, allegations of conflicts in evidence regarding identification are more properly classified as challenges to the weight of the evidence. *Commonwealth v. Furness*, 153 A.3d 397, 404 (Pa. Super.

2016); ***Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa. Super. 2009) (holding, "[a]n argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence." (citations omitted)). A challenge to the weight of the evidence, however, must first be raised with the trial court. Pa.R.Crim.P. 607(A).

Here, Appellant's argument—that the testimony of Officers Fisher and Weber were allegedly contradictory—is a challenge to the weight of the evidence. ***See Furness***, 153 A.3d at 404; ***Gibbs***, 981 A.2d at 281-82. Appellant, however, has waived any challenge to the weight of the evidence by failing to raise it with the trial court. ***See*** Pa.R.Crim.P. 607(A).

To the extent that Appellant's challenge may be construed as a sufficiency challenge, it lacks merit. It was for the jury to evaluate the credibility of the witnesses, and it concluded that Officer Fisher's identification of Appellant was credible. ***See Orr***, 38 A.3d at 873-84. We add that Appellant's characterization of Officer Weber's testimony as contradictory is not supported by the record. The trial transcript reflects that Officer Weber testified that Officer Fisher was "getting behind" Appellant's vehicle, but never testified that Officer Fisher was not in a position to view Appellant. ***See*** N.T. Trial, 4/6/16, at 90. For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/19