J-A26044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PAUL FURNESS :
:
Appellant : No. 650 EDA 2020

Appeal from the PCRA Order Entered January 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009880-2012

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: Filed: November 25, 2020

Appellant, Paul Furness, appeals from the order entered in the Court of

Common Pleas of Philadelphia County dismissing his first petition for relief

filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.

We affirm.

This Court previously set forth the underlying facts of Appellant's case,

as follows:

> On July 20, 2012, at approximately 10:00 a.m., Christopher
> Babiarz [("Babiarz")] saw [Furness] attempt to enter his home,
> located at 3170 Richmond Street, [Philadelphia,] through the
> window. On that morning, [Babiarz] heard "some rustling and
> banging at the back door" and observed a silhouette walk past the
> window with "something like a screwdriver in his hands,"
> attempting to pry open the windows. [Babiarz] opened up the
> blinds and positively saw [Furness]. [Furness] looked at [Babiarz]
> and proceeded to run away. [Babiarz] opened the door[] and saw

---

* Former Justice specially assigned to the Superior Court.

a second person, whom he could not identify, run through the back gate of his yard. He described the second person as "about his height ... with dirty blond or brown hair, wearing a green shirt," as "5'10["], 150 pounds, approximately [age] 25 to 30 ... wearing jeans." Babiarz testified that he knew [Furness] from the neighborhood, even though they were not part of the same circle due to age differences.

[Babiarz] called the police and Officer [Edward] Berthcsi [("Officer Berthcsi")] arrived. They observed tool marks on the window, with the bottom pane indented and the capping bent. [Babiarz] testified that there were no damages prior to this incident. In addition, [Babiarz] recovered a bag of tools outside of the back door that did not belong to him, which included a screwdriver, multi-tool, paint chisel, and a vise-grip. Officer Berthcsi testified that on that day, he received a radio call for a burglary at 3170 Richmond Street. [Babiarz] gave him a description of both males and positively recognized one of the males as [Furness]. Officer Berthcsi observed pry marks on [Babiarz's] rear door and on the side window at the rear property. He also saw tools on the porch that included a screwdriver, vise-grip, and other tools.

The Commonwealth next called Detective [John] Ellis [("Detective Ellis")], Detective [James] McCullough [("Detective McCullough")], and Detective Randall Farward [("Detective Farward")] to testify. Detective Ellis testified that he and Detective McCullough went out to 3170 Richmond Street on that day and met with [Babiarz]. He recovered one green nylon bag containing silver colored vise-grips, a Stanley screwdriver with [a] red and yellow plastic grip, a Hyde scraper with a black handle, and a Great Neck ratchet driver with [a] red and black handle, which were all placed on property receipts. Detective McCullough testified that he arrived with Detective Ellis on that day, took photos of the scene, and recovered tools that [Babiarz] turned over. Detective Farward testified that [Babiarz] told him he knew who attempted to burglarize his home and positively identified [Furness] by photo.

The defense [ ] called Carolyn Furness [("Carolyn")], Cheryl Neumann [("Cheryl")], and Carol Furness [("Carol")] as their alibi witnesses. [Carolyn, Furness's] sister, testified that on that day, [Furness], her friend Cheryl, and herself began setting up for their mother's retirement party at approximately 8:30 a.m. [Cheryl] testified that she went over to [Furness's] house at approximately

- 2 -

9:00 a.m. to help [Furness] and [Carolyn] prepare for the retirement party. [Cheryl] also testified that [Furness] was there the entire time. Lastly, [Carol, Furness's] mother, testified that she retired on that day, as a court order process clerk for the City of Philadelphia[,] after 26 years of employment. She came home around 11:00 a.m. and saw [Furness] present at the party.

*Commonwealth v. Furness*, 153 A.3d 397, 399–400 (Pa.Super. 2016) (quoting Trial Court Opinion, 1/11/16, at 2–4 (citations and brackets omitted)).

On April 2, 2015, a jury found Appellant guilty of criminal trespass, criminal attempt-burglary, and possessing an instrument of crime ("PIC"). The trial court sentenced Appellant to twelve and one-half to twenty five years' incarceration for attempted burglary and a concurrent term of five to ten years' incarceration for criminal trespass. Appellant filed a post-sentence motion, which the trial court partially granted by resentencing Appellant to ten to twenty years' incarceration for attempted burglary, to run consecutively to a sentence of two and one-half to five years for criminal trespass, with a consecutive five years of probation for PIC.

On direct appeal, this Court reversed Appellant's conviction for criminal trespass as based on insufficient evidence, upheld all remaining convictions, and remanded for resentencing. After the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal, the trial court resentenced Appellant to ten to twenty years' incarceration for attempted burglary, followed by five years' probation for PIC.

On January 23, 2019, Appellant filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition on April 2, 2019,

claiming that trial counsel ineffectively failed to file and litigate pre-trial motions to suppress, to request an appropriate alibi instruction, and to object to jury instructions. On December 16, 2019, the PCRA court deemed Appellant's claims meritless and, therefore, determined an evidentiary hearing was unwarranted. Accordingly, the court issued notice under Pa.R.Crim.P. 907 of its intention to dismiss Appellant's petition without a hearing. On January 17, 2020, the PCRA court dismissed Appellant's petition.

On February 14, 2020, Appellant filed both a notice of appeal and a voluntary Pa.R.A.P. 1925(b) statement. The PCRA court thus found it unnecessary to file an order directing Appellant to file a concise statement of matters complained of on appeal, pursuant to Rule 1925. In Appellant's statement, he raised the following reasons for appeal (verbatim):

1. Appellant was denied his Constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provisions of the Pennsylvania Constitution.

2. Appellant's constitutional right to due process was violated by a conviction based on evidence which did not prove his guilt beyond a reasonable doubt.

Appellant's Pa.R.A.P. 1925(b) statement, 2/14/20.

It is well-settled that an appellant's Rule 1925(b) statement must identify for the trial court the rulings that he intends to challenge "with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Therefore, if a concise statement is too vague, the court may find all issues are waived on appeal. *See Commonwealth v. Hansley*, 24

A.3d 410, 415 (Pa. Super. 2011) (noting that a trial court should not have to guess which issues are being raised and that a Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." (citation and quotation marks omitted)). This principle applies where an appellant files a voluntary Rule 1925(b) statement. *See Commonwealth v. Snyder*, 870 A.2d 336 (Pa.Super. 2005) (holding appellant waived issues not presented in voluntary Rule 1925(b) statement; it is of no moment that appellant was not ordered to file concise statement).

Given Appellant's failure to specify in his concise statement which of the three distinct ineffective assistance of counsel claims raised before the PCRA court was the subject of his appeal, the PCRA court determined it was placed in the untenable position of having to guess at the ineffectiveness issue Appellant would raise and develop in his forthcoming brief:

> Appellant's 1925(b) statement merely states, "Appellant was denied his Constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitutions and the analogous provisions of the Pennsylvania Constitution." Appellant's statement does not specifically identify any alleged legal error committed by this court nor does it identify which specific claim(s) (relating to trial counsel's alleged ineffectiveness) he seeks to pursue on appeal. Like the petitioner in [*Commonwealth v. Parrish*, ___ A.3d ____, 2020 WL 355016, at *14 (Pa. January 22, 2020)], Appellant's 1925(b) statement is sweepingly broad and generically encompasses "every conceivable claim of ineffective assistance of trial counsel" contained within his PCRA petition. *See id.*, at *15.
>
> …

In **Parrish**, a PCRA attorney filed four amended PCRA petitions alleging, inter alia, that trial counsel was ineffective for failing to file pretrial motions and failing to retain a mental health expert. **Id.**, at *14. The PCRA court denied relief on all claims and issued a forty-five page opinion dismissing the petition. **Id.** at *5. Parrish appealed, and PCRA counsel filed a 1925(b) statement alleging the following errors:

> 1. The PCRA court erred and abused its discretion by not finding that trial counsel were ineffective in their representation of [Parrish] to the extent that he is legally entitled to a new trial.
>
> 2. The PCRA court erred and abused its discretion by not finding that the case for mitigation of [Parrish] was compiled and presented in a legally ineffective manner, entirely outside of the standards of the profession, such that [Parrish] is entitled to a new penalty-phase of his trial.
>
> 3. The PCRA court erred and abused it discretion by not finding that the failure of trial counsel to effectively represent [Parrish] and represent his interests resulted in complete and total breakdown of his ability to receive meaningful appellate review of his conviction, trial, and the underlying proceedings of the same.

**Id**. Ultimately, the Supreme Court of Pennsylvania held that Parrish's 1925(b) statement was "so wholly lacking in comportment with Rule 1925(b)'s basic requirements that a finding of waiver [was] clearly warranted." **Id.** at *14. The court further held that waiver was *mandated* by Pa.R.A.P. 1925(b)(4)(vii), as the 1925(b) statement

> [d]id not identify any specific legal error committed by the PCRA court in its rulings on the **multifarious claims of trial counsel ineffectiveness** presented in the amended PCRA petitions, nor did it even identify which of those rulings were being challenged on appeal. Rather, it **generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained**

- 6 -

> *in the amended PCRA petitions*. As such, it forced the PCRA court to guess which of its rulings were being challenged.

*Id.* at *15 (emphasis added).

PCRA Court's Pa.R.A.P. 1925(a) Opinion, 6/15/20, at 5-6.

As Appellant was appealing from a PCRA court order that denied three discrete ineffective assistance claims raised in his amended petition, his concise statement served as his opportunity to place the PCRA court on notice regarding which specific ineffectiveness claim or claims he intended to advance. Having failed to identify a claim, Appellant impeded the court's ability to author a responsive opinion that would enable our meaningful appellate review. Accordingly, we discern no error with the PCRA court's reliance on *Parrish* to find Rule 1925 waiver applies to the vague ineffective assistance of counsel claim raised in Appellant's concise statement.

Whether the remaining claim in Appellant's Rule 1925(b) statement, "Appellant's constitutional right to due process was violated by a conviction based on evidence which did not prove his guilt beyond a reasonable doubt[,]" challenges the weight or the sufficiency of the evidence is unclear from its wording. The distinction makes no difference with regard to the viability of this claim, however, as it would fail as either previously litigated or waived under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that his allegation of error has not been previously litigated or waived).

Specifically, on direct appeal, this Court rejected Appellant's weight of the evidence challenges raised against each of his convictions, which would bar him from re-litigating the claim presently on collateral appeal. ***See*** 42 Pa.C.S.A. § 9544(a)(2). Alternatively, if this claim implicates the sufficiency of the evidence, it would be waived, as Appellant had the opportunity to raise a sufficiency challenge on direct appeal. ***See*** 42 Pa.C.S.A. § 9544(b). Finally, to the extent Appellant has briefed additional issues not included in his Pa.R.A.P. 1925(b) statement, they, too, are waived for the reasons expressed *supra*.[1]

_____

[1] It bears further observation that Appellant's second matter raised in his concise statement relates to no specific issue he subsequently raised in his brief. Specifically, his "Statement of the Questions Involved" identifies four issues, none of which is raised in his Pa.R.A.P. 1925 statement:

1. Whether the PCRA court erred by dismissing the PCRA petition when evidence was presented that trial counsel was ineffective for filing to file and litigate pre-trial motions to suppress identification and physical evidence.

2. Whether the PCRA court erred by dismissing the PCRA petition when evidence was presented that trial counsel was ineffective for failing to request an appropriate jury instruction regarding alibi witness testimony, and failing to object to the jury instruction regarding alibi witness testimony actually given by the court.

3. Whether the PCRA court erred by dismissing the PCRA petition when evidence was presented that Appellant's constitutional rights were violated by prosecutorial misconduct, based on the prosecutor's improperly defining reasonable doubt to the jury.

For the foregoing reasons, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20

---

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, at 8.